EDWARD SHIRLEY, Nicolas Tandberg, Anton Johnson, Carl Schultz, Residents, Citizens, and Taxpayers within Coal Field School District No. 16 of Divide County, North Dakota, for Themselves, and for All Other Taxpayers within Said School District, Appellants, v. COAL FIELD SCHOOL DISTRICT NO. 16 OF DIVIDE COUNTY, North Dakota, a Public Corporation, and Albert Makee, Walter F. Rhodes, and John Wallin, Constituting the School Board of Said School District No. 16, and Mary F. Truax, as Clerk of Said School District, and Rolf Reite, as Treasurer of Said School District, Respondents.

(179 N. W. 551.)

**Schools and school districts — notice of special election to vote on issuance of school bonds held sufficient.**

1. In a special election to vote upon an issue of school bonds pursuant to

§ 1333, Comp. Laws 1913, notices thereof posted in at least three public and conspicuous places in the school district comply with the statute. It is not essential that such notices be posted upon the bulletin boards or places designated pursuant to § 4248, Comp. Laws 1913.

**Schools and school districts — complaint in action to enjoin issue of bonds approved by voters at special election held demurrable.**

2. In an action to enjoin school officials from issuing school bonds approved by the voters at a special election, where the complaint alleges active fraud and fraudulent design on the part of the school officials in the calling of such election, the posting of notices thereof and in the time when the same was held for the purpose of preventing an expression by the majority of the voters in the district, and does not allege that such voters, if they had voted, would have produced a different result, and where the school officials have called, noticed, and held such election pursuant to the statutory requirements, it is *held* that a demurrer to the complaint was properly sustained.

Opinion filed September 27, 1920.

Action in District Court, Ward County, *Leighton,* J., to enjoin the defendants from issuing certain school bonds.

From a judgment dismissing the action and vacating a temporary injunction issued, the plaintiffs have appealed.

*John E. Greene* and *Olaf Braadelien,* for appellants.

*Greenleaf & Wooledge* for respondents.

"There is a presumption that an election officer or other official upon whom is imposed the duty of giving notice has performed that duty." Prichard v. Mageum, 46 L.R.A. 381, 80 N. W. 512; Parker v. State, 26 Tex. 207; Cummins v. Little, 16 N. J. Eq. 48; Austin v. Soule, 36 Vt. 645; Goss v. Cardell, 53 Vt. 447; Alger v. Curry, 40 Vt. 448; Fairbanks v. Benjamin, 50 Vt. 99; 19 Am. & Eng. Enc. Law, 564, 565; 15 Cyc. 324.

BRONSON, J. *Statement.*—This is an action to restrain the issuance of bonds for the erection of a schoolhouse in a common school district. Upon a verified complaint and undertaking, the trial court issued a temporary restraining order. Later, upon a demurrer to the complaint and upon an order to show cause why the temporary injunction

issued should not be dismissed, the trial court sustained the demurrer and dissolved the injunction. Thereupon, the plaintiff electing to stand upon the complaint, judgment was entered dismissing the action and vacating the temporary injunction. The plaintiffs have appealed from such judgment. The facts alleged in the complaint, so far as the same are necessary to be stated, are as follows:

The defendant school district is comprised within the boundaries of Coal Field township, and comprehends thirty-six sections of land. Within it and near the northern boundaries thereof is located the village of Noonan, having a population of about 400 people. There are 250 legal voters therein and 225 children of school age. The plaintiffs are taxpayers and citizens of the district. The defendants are the school district and its officers. There are three public schoolhouses in the district,—one in the village of Noonan costing about $7,500, and two common schoolhouses in the southern portion, both of which are old and in poor condition.

On January 12, 1920, the school board, with knowledge that resident electors in the southern portion of the district were circulating petitions for the purpose of setting off from such school district, sections 13 to 36 therein and organizing a new school district, caused to be circulated a petition for the purpose of submitting to the voters the question of bonding the school district, in the sum of $39,000 in order to construct a new school building at Noonan. The petitions were signed by ninety-three electors, and presented to the school board. The board directed a special election to be held February 3, 1920. The clerk of the district, on January 17, 1920, posted notices of such election, viz.,—one at the postoffice, one at the village hall, one at the town pump house, and one at the schoolhouse,—all in the village of Noonan. No other notices of such election were posted at any other places within the district or published in the newspaper. By reason of such posting of notices, a large majority of the voters in the district was without knowledge of the holding of such election, and was thereby prevented from attending and voting at such election. Such petitions were circulated and the election so held with the fraudulent intent of avoiding the free and full expression of the will of the majority of the electors in the district upon the question of the issuing of such bonds, and with the fraudulent intention to thrust upon the territory in such district

the burden of taxation necessary to pay such bonds, before the electors in the southern portion of the district could carry out to completion there proceedings to organize a new school district within such territory. At the election, out of the 250 legal voters, there were cast 84 votes, 65 in favor of the issuance of the bonds and 19 in the negative. The affirmative votes were those of residents of such village, or those residing in that immediate vicinity.

For a long time prior to January 19, 1920, there had been established by the authorities of Coal Field township three public places, at which bulletin boards were provided, in the southerly portion of the school district. Voters were accustomed to observe and read notices of public meetings posted at such places. If notices of such election had been posted there, notice would have reached nearly, if not all, of the voters of such district; but it was the intent of the school board and the promoters issuing the bonds to prevent, by the posting of all of the notices within the village of Noonan, knowledge coming to the majority of the electors of the district, the defendants well knowing that if general and sufficient notice were given, as contemplated by law, the proposition would not receive the requisite majority at the election.

The valuation of the property, assessed in 1919 for purposes of taxation, in sections 13 to 36 (within which the village of Noonan is situated (evidently a mistake of the pleader), was $311,948; and in sections 1 to 12, $628,418. The construction of a new schoolhouse from the proceeds of such bonds, located in the village of Noonan, would deprive a large majority of the children of school age within the district from any benefit, by reason of the distance necessary to be traveled. One third of the burden of taxation would be imposed on resident taxpayers within the part of the district not to be benefited by the construction of such schoolhouse.

Upon the hearing of the demurrer and the order to dismiss the temporary injunction, it appears in the record that many affidavits and exhibits were introduced. The affidavit of the clerk of the district, one of the defendants, with exhibits attached, shows that at the time the election was held there were 124 male voters and 108 female voters in the district. That of the 93 signers upon the petition, 12 reside outside of the village of Noonan and at least 4 within the territory included within sections 13 to 36. That the enrolment in the district is 211,

of which 107 pupils reside outside of the village of Noonan; that 176 pupils attend the school at Noonan, 25 pupils, the school in section 27, and 10 pupils, the school in section 29. That the school building at Noonan was poorly constructed, and entirely too small; that the school board was obliged during the current year to rent additional room in Noonan at an expense of $35 per month, to provide for the school children.

The affidavit further states that the affiant knows that none of the defendants had any knowledge of the circulation of petitions to divide the district at the time of calling the election; that the election was called in good faith and by reason of the necessity of issuing bonds for the construction of an adequate school building. That the defendant Wallin is a resident of section 26. That the places where the notices of election were posted on January 17, 1920, were four of the most public and conspicuous places in the district. That all of the residents of the district use and have the village of Noonan as their postoffice addresses, and there they do their trading and shopping more or less That furthermore, notices of such election were published in the Noonan Miner, a weekly newspaper, on January 22, and 29, 1920; that two days before the election there was a farmers' meeting held at the farmers' elevator in Noonan, attended by farmers from the southern portion of the district and from all portions of the district, where the president of the school board discussed and explained the purposes of the election. That two of the plaintiffs voted at the election. The affidavit further alleges that the school board never designated and established any bulletin boards for posting notices. The affidavit of the plaintiff Schultz, acknowledged thirty-nine days after the acknowledgment of the affidavit of the defendant clerk, supports in general the allegations of the complaint. It states that the defendant Wallin has since resigned as a member of the school board; that there are 59 voters residing in sections 13 to 36; that few of them had notice of the election; that all of them excepting two or three have expressed themselves as opposed to bonding at all times since knowing it; that prior to January 12, 1920, the resident electors of sections 13 to 36 started a movement and circulated petitions to set off such sections into a new school district; that such petitions were signed by 46 of the electors in such territory.

*Decision.*—It is the contention of the appellants that the complaint discloses a failure to post notices as required by law. That § 4248, Comp. Laws 1913, provides for the annual designation of three places in a township as public or the most public places in a township where legal notices are required to be posted. That none of the notices in the calling of the election involved were posted at such places. That furthermore, through fraud and in an attempt to anticipate and defeat the division of the district and to prevent designedly an expression by the majority of the voters in such district the election was called, noticed, and was held in the manner set forth in the complaint. The contention of the appellants, that the notices of election were not duly posted, cannot be sustained. Section 1333, Comp. Laws 1913, with reference to calling a special election, provides for posting notices in at least three public and conspicuous places in the district. There is no provision of the law in that regard that notices shall be otherwise posted at any particular place or upon any particular bulletin boards. Section 4248, Comp. Laws 1913, has reference to townships and to the providing of public places in a township for the publication of legal notices. It does not pertain to the posting of notices concerning school districts. The boundaries of a school district may or may not be coextensive with that of a township. Manifestly, a place under § 1333, Comp. Laws 1913, is not rendered private and inconspicuous by reason of the failure to post notices upon the bulletin boards prescribed at the annual township meeting. It is not alleged that the school board had designated or established such bulletin boards or any other places as the most public places in the district. There is no contention upon the face of the complaint, or in the evidence submitted at the hearing, to warrant the meaning that the place where such notices were posted are not public and conspicuous places in the district. It therefore appears, as far as the allegations of the complaint are concerned and the evidence adduced at the hearing, to dissolve the injunctional order, that the defendants, in acting upon the petition for a special order concerning the issuance of said bonds and the holding of the same, acted in accordance with the statutory prerequisites.

The appellants, however, contend that the election so held, upon the posting as made and at the time so designated, could not have been called or held at a time better to exclude a majority expression of the

voters; that these circumstances, taken in connection with the alleged fraud and connivance of the defendants, the school district officers, show grounds for injunctive relief. It is deemed unnecessary to discuss the important question of the right in equity to set aside an election upon the grounds of fraud where an election has been called and held in accord with the statutory requirements. See 20 C. J. 216; High, Inj. 4th ed. §§ 1309, 1316; notes in 40 L.R.A.(N.S.) 576; 38 L.R.A.(N.S.) 1007; People ex rel. Atty. Gen. v. Tool, 35 Colo. 225, 6 L.R.A.(N.S.) 822, 117 Am. St. Rep. 198, 86 Pac. 224, 229, 231. In any event it is necessary in such case for the complainants to both plead and prove that such election, if called and held without such fraud, would have resulted differently.

The complaint does not allege, nor does any evidence submitted show, that the alleged large majority of the voters, prevented from attending the election by lack of notice thereof, would have attended and voted at such election and in such manner as to have produced a different result. The trial court therefore did not err in sustaining the demurrer.

It is further contended by the appellants that subsequent proceedings had in the district show circumstances for the exercise of equitable intervention, and they proffer to this court certified copies of proceedings in such district to show that the school district has since been divided.

Manifestly such proceedings are not subject to review in this action. They form no part of the record in this case. They may form a basis, if at all, for further proceedings on the part of the appellants, or others in the trial court.

The judgment is affirmed, with costs.

CHRISTIANSON, Ch. J., and GRACE and BIRDZELL, JJ., concur.

ROBINSON, J.   I dissent.